# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. BOOKER, #B-61837, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-00151-SMY ) |
| JEANETTE COWAN, JOHN DOE #1, JOHN DOE #2, SHERRY BENTON, JOHN BALDWIN, and JACQUELINE LASHBROOK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie Booker is currently incarcerated at Menard Correctional Center ("Menard"). He is a convicted sex offender, who is serving a sentence for murder and aggravated battery. He brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against officials at Menard and the Illinois Department of Corrections ("IDOC") who allegedly denied him protective custody in November 2016. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). Before the Court screens the Complaint pursuant to 28 U.S.C. § 1915A, it must first address Plaintiff's eligibility to proceed IFP. *See* 28 U.S.C. § 1914(a). For the reasons discussed herein, the Court finds that Plaintiff is ineligible, and his IFP Motion shall be **DENIED**.

1

## IFP Motion

Plaintiff seeks leave to proceed as a poor person without prepaying the full $400.00[1] filing fee for this action. (Doc. 2). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP application satisfies these formal requirements. (Doc. 2, pp. 1-8).

Plaintiff is nonetheless barred from proceeding IFP under 28 U.S.C. § 1915(g) which prohibits an inmate from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff is subject to the bar imposed by § 1915(g).

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the additional $50.00 fee.

Plaintiff disclosed no strikes in his Complaint or IFP Motion, and he was required to disclose them all.[2] (Doc. 1, pp. 1-27). However, court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff filed three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Booker v. City of Rdfd., IL*, No. 03-cv-50066 (N.D. Ill., dismissed March 27, 2003); *Booker v. Mitchell*, No. 10-cv-00312 (S.D. Ill., dismissed November 5, 2010); *Booker v. O'Conner*, No. 15-cv-50052 (N.D. Ill., dismissed March 26, 2015). Each of these dismissals resulted in the assessment of a "strike" under § 1915(g). *Id.*

Plaintiff also filed two other lawsuits in which he requested and was initially granted IFP status, after claiming that he was denied protective custody at Menard and faced imminent danger of serious physical injury. *See Booker v. Gleckler, et al.*, No. 15-cv-00657-SMY (S.D. Ill. 2015); *Booker v. McCarthy, et al.*, No. 16-cv-00194-MJR (S.D. Ill. 2015). In one of these cases, the Court subsequently revoked Plaintiff's IFP status after finding that his claim of imminent danger was too speculative. *Booker v. Gleckler, et al.*, No. 15-cv-00657-SMY (S.D. Ill. 2015) (Doc. 114) (revoking IFP following evidentiary hearing in which the Court found that Plaintiff's allegation of imminent danger was based on a general concern about his status as a sex offender and a former gang member as opposed to a specific credible threat). Plaintiff also failed to disclose these cases in his Complaint. (Doc. 1, pp. 1-27).

Because Plaintiff has accumulated three "strikes" for purposes of § 1915(g), he may not proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

---

[2] Plaintiff is **WARNED** that he must disclose each suit that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) when seeking IFP status in this District. Failure to do so may result in sanctions that include, but are not limited to, the denial of IFP and/or dismissal of the suit.

3

The allegations in the Complaint do not support this finding. (Doc. 1, pp. 1-27). Plaintiff complains that the defendants denied his request for protective placement in November 2016 based on a letter he received in 2014. *Id*. The anonymous letter included a copy of Plaintiff's criminal history, revealing that he is a convicted sex offender who is serving time for murder, and a threat to kill him if his "sex offender ass" returned to the general population. (Doc. 1, p. 4). Plaintiff was allegedly attacked by his cellmate in February 2017, soon after returning to the general prison population. (Doc. 1, pp. 8-9). Plaintiff is no longer housed with his attacker. However, he now shares a cell with an inmate who "do[es] not like sex offenders" and was involved in six fights last year. (Doc. 1, p. 27). Plaintiff claims that his current housing arrangement, his own propensity for self-inflicted harm, and his suicidal thoughts place him in imminent danger of serious physical injury. (Doc. 1, pp. 3-22, 27). He seeks protective placement and other changes to the prison's policies regarding sex offenders, mentally ill inmates, and other vulnerable prisoners. (Doc. 1, pp. 22-23).

The dangers that Plaintiff describes in the Complaint are too remote or speculative to support his request for IFP status at this time. As the Seventh Circuit has explained, "imminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners

"allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The 2014 letter from an anonymous source is too remote in time to support Plaintiff's request for IFP status. Plaintiff does not complain of a more recent written or verbal threat that is tied to this letter. Absent more recent and related events, Plaintiff's receipt of a letter four years ago does not support his claim of imminent danger now.

Plaintiff's attack by his cellmate in February 2017 also supports no finding that he now faces imminent danger of serious physical injury as he is no longer housed with the same cellmate. He does not describe any other interactions with him or threats arising from the February attack.

Plaintiff's current housing arrangement also appears to present no imminent danger of serious physical harm to him. After Plaintiff told his current cellmate that he is a convicted sex offender, his cellmate submitted an affidavit with the Complaint stating that he does not like sex offenders. His cellmate also indicated that he was in several fights last year. However, the affidavit contains no explicit or implicit threats of harm to Plaintiff, and the Complaint refers to none. Further, Plaintiff describes no efforts on his part to notify prison officials, including the defendants, about his current safety concerns.

Finally, Plaintiff's threat to inflict self-harm if his housing request is denied, also fails to support a claim of imminent danger. Plaintiff explains that he has repeatedly gone on hunger strikes to protest his housing arrangements. He also has suicidal thoughts at times. However, he does not allege that he complained about either issue to the defendants in recent months.

Plaintiff may not escape the three-strikes provision of the Prison Litigation Reform Act by inflicting "imminent danger" on himself. *See, e.g.*, *Freeman v. Berge*, 441 F.3d 543, 546-47

(7th Cir. 2006) (prison officials may force-feed an inmate to prevent his suicide). This Court has previously observed that a prisoner cannot "create the 'imminent danger' required by § 1915(g) by commencing a hunger strike." *Taylor v. Walker*, No. 07-cv-706-MJR, 2007 WL 4365718 (S.D. Ill. Dec. 11, 2007) (citing *Ball v. Allen*, No. 06-cv-0496, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, No. 06-cv-527, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, No. 03-mc-98, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003)).

Plaintiff's Complaint and IFP Motion simply do not support Plaintiff's request for IFP status because the allegations do not suggest that he faces imminent danger of serious physical injury at this time. (Doc. 1). Therefore, Plaintiff cannot overcome the three-strikes bar imposed under 28 U.S.C. § 1915(g), and the IFP Motion shall be **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. *See* 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-eight (28) days** of the date of entry of this Order (on or before **March 6, 2018**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Screening of the Complaint pursuant to 28 U.S.C. § 1915A shall occur after the Court receives Plaintiff's full filing fee for this action. It is not necessary to address any request for interim relief at this time because Plaintiff seeks none. He does not refer to Rule 65(a) or (b) of the Federal Rules of Civil Procedure or request a preliminary injunction or temporary restraining

order in the Complaint or a separate motion. Instead, Plaintiff seeks "injunctive relief," which this Court construes as a request for permanent injunctive relief at the close of the case. Should interim relief become necessary during the pending action, Plaintiff may file a separate motion that clearly states what relief he seeks and the reasons for his request.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: February 6, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**