# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. BOOKER, #B-61837, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-00151-SMY ) |
| JEANETTE COWAN, JOHN DOE #1, JOHN DOE #2, SHERRY BENTON, JOHN BALDWIN and JACQUELINE LASHBROOK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie Booker is currently incarcerated at Menard Correctional Center ("Menard"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Menard and the Illinois Department of Corrections ("IDOC") who allegedly denied him protective custody in November 2016. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 2).

Plaintiff did not satisfy the requirements for proceeding IFP under 28 U.S.C. § 1915(g). He previously "struck out" by filing three or more civil actions that were dismissed as being frivolous or for failure to state a claim, and the Complaint did not demonstrate that Plaintiff faced imminent danger of serious physical injury. *Id*. As a result, Plaintiff's IFP Motion was denied on February 6, 2018. (Doc. 4). He was ordered to prepay the full filing fee for this action on or before March 6, 2018. (Doc. 4, p. 6). He was also warned that failure to do so by the deadline would result in dismissal of the action for failure to comply with a court order and/or

1

failure to prosecute his claims. *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

On February 14, 2018, Plaintiff filed a motion seeking reconsideration of the Court's decision, and the Court denied the motion two days later. (Docs. 6 and 7). As a one-time courtesy to Plaintiff, the Court extended the deadline for paying the full $400.00 filing fee by 30 days. (Doc. 7). Thus, the filing fee was due on or before April 5, 2018. *Id*.

To date, Plaintiff has not paid any portion of the filing fee for this action. At least a week has passed since the extended deadline for payment expired and Plaintiff has not requested another extension of the deadline. In fact, he has not communicated with the Court since filing the Motion for Reconsideration on February 14, 2018.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed without prejudice for Plaintiff's failure to comply with an Order of this Court (Docs. 4 and 7) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Plaintiff incurred the obligation to pay a filing fee for this action when he filed this case, and his obligation to pay the full filing fee survives dismissal of this matter.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with this Court's Order to pay the filing fee for this action on or before the original deadline of March 6, 2018 (Doc. 4) or the extended deadline of April 5, 2018 (Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Further, because he has "struck out" and has not demonstrated imminent danger of serious physical injury, Plaintiff's request for IFP status on appeal will be denied by this Court, if he does choose to appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 12, 2018**

             s/ STACI M. YANDLE
             **District Judge**
             **United States District Court**